## Case No. 14,239.

### TUNSTALL v. WORTHINGTON.

[Hempst. 662.] [1]

Circuit Court, D. Arkansas. April, 1853.

COURTS—FEDERAL JURISDICTION—CITIZENSHIP.

1. A garnishment is a suit or proceeding, in which a party has day in court; and it must therefore appear on the face of the pleadings, or by the record, that the judgment creditor and the

garnishee are citizens of different states, to give the court jurisdiction.

[Disapproved in Pratt v. Albright, 9 Fed. 639.]

[Cited in Rolk v. Andes Ins. Co., 23 Grat. 513.]

2. Where it appears, that the judgment creditor and garnishee are citizens of the same state, the court will of its own motion dismiss the case for want of jurisdiction at any stage of the proceedings.

3. Courts of the United States, though not inferior, are nevertheless of limited jurisdiction.

In the circuit court, before PETER V. DANIEL, associate justice of the supreme court, and DANIEL RINGO, district judge.

Garnishment. The writ was issued on the 1st December, 1852, and recited the recovery of a judgment in this court by Thomas T. Tunstall against Abner Johnson, on the 15th April, 1851, for $9,584 and costs; and that the same was unsatisfied; and commanding the marshal to summon Elisha Worthington, the garnishee, to appear before the court on the first day of the next term, and answer what goods, chattels, moneys, credits, and effects he had in his hands or possession belonging to the defendant in the judgment. The writ was issued under, and conformed to a statute of Arkansas concerning garnishment. Dig. 559. In the writ, Worthington was stated to be a citizen of Arkansas, residing in the Eastern district; and in the allegations, Tunstall was stated to be a citizen of Arkansas, and Abner Johnson a citizen of Texas. The writ having been executed and returned, the plaintiff, on the 11th April, 1853, filed allegations, setting out said judgment with particularity, and averring that Worthington was indebted to Johnson, and propounding special interrogatories to the garnishee in relation thereto, and as to effects in his hands. On the 14th April, 1853, he filed his answer, denying any indebtedness to Johnson, or that he had any goods, chattels, credits, or effects in his hands belonging to Johnson. To this answer the plaintiff entered a denial on the record, and a jury was sworn to try the issue. Evidence was adduced on both sides; and after the testimony was closed, instructions were asked and discussed by counsel, and taken under advisement, until the next morning, when the court being of opinion, on inspection and consideration of the pleadings and record, that jurisdiction over the case could not be maintained, delivered the following opinion, dismissing the case, and to which the plaintiff accepted.

A. Fowler and J. M. Curran, for plaintiff.

Albert Pike, for defendant.

DANIEL, Circuit Justice. The proceeding of garnishment, as regulated by the statute of Arkansas, is anomalous, being partly legal and partly equitable. But it must be regarded as a civil suit, and not as process of execution to enforce a judgment already rendered. It may be used as a means to obtain satisfaction of a demand, in the same manner as a suit may be resorted to on a judgment of another state, with a view to coerce the payment of such judgment. In this proceeding the parties have day in court; an issue of fact may be tried by a jury, evidence adduced, judgment rendered, costs adjudged, and execution issued on the judgment. It is in every respect a suit in which the primary object is to obtain judgment against the garnishee, and certainly cannot with any plausibility be treated as process of execution, or as part of the execution process; for if so, there could be no necessity or propriety in resorting to this forum to investigate the relations of debtor and creditor.

Considering it, then, as a suit, we have, on full examination of the pleadings and record, come to the conclusion that the suit ought to be dismissed, because it is not shown by the pleadings or record that this is a controversy between citizens of different states, which we think essential to give this court jurisdiction. The courts of the United States, although not of inferior, are of limited jurisdiction; and it is too well settled to admit of question, that the citizenship of the parties must be stated, so that it may affirmatively appear that the suit is between citizens of different states. [Jackson v. Twentyman] 2 Pet. [27 U. S.] 136; [Mollan v. Torrance] 9 Wheat. [22 U. S.] 537. And the omission is fatal at any stage of the cause. Wood v. Mann [Case No. 17,952].

In the writ of garnishment it is stated that Elisha Worthington, the garnishee, is a citizen of Arkansas, and in the allegation that Thomas T. Tunstall, the plaintiff, is a citizen of Arkansas, and Abner Johnson, the judgment debtor, a citizen of Texas. It thus appears affirmatively on the face of these proceedings, that the plaintiff and defendant are both citizens of the same state. The contest is between them; and the fact that Abner Johnson is a citizen of Texas, cannot help the matter. The plaintiff, or judgment creditor, and the garnishee, must be citizens of different states; and that fact must appear by the pleadings or the record to give this court jurisdiction. Upon our own motion, we dismiss this case for want of jurisdiction. Dismissed accordingly.